**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Asby HILL, Defendant–Appellant.**

**No. 14–15417**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 4, 2015.

Lori Beranek, Stephanie Gabay–Smith, Dahil Dueno Goss, Lawrence R. Sommer-feld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Suzanne Hashimi, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Asby Hill appeals from the district court's order revoking his supervised release and imposing a sentence for violating the conditions of his supervised release. Hill was originally convicted of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to 160 months' imprisonment followed by 5 years of supervised release under 21 U.S.C. § 841(b)(1)(C), a Class C felony. His term of supervised release commenced on June 3, 2011. In November 2014, the district court revoked Hill's supervised release and sentenced him to 6 months' imprisonment followed by 4.5 years of supervised release.

On appeal, Hill contends the district court did not have jurisdiction to revoke his supervised release and impose a sentence because, according to Hill, he had already served the three-year statutory maximum term of supervised release at the time of his revocation hearing. *Compare* 21 U.S.C. § 841(b)(1)(C) (requiring a term of supervised release of "at least 3 years"), *with* 18 U.S.C. § 3583(b) (stating "[e]xcept as otherwise provided," the term of supervised release for a Class C felony may be "not more than three years"). As

Hill acknowledges, his argument is foreclosed by our binding precedent. In *United States v. Sanchez*, 269 F.3d 1250 (11th Cir.2001) (*en banc* ), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir.2005), this Court held that 21 U.S.C. § 841(b)(1)(C)'s three-year minimum term of supervised release is not capped by 18 U.S.C. § 3583(b)(2)'s three-year maximum because it falls within § 3583(b)'s "[e]xcept as otherwise provided" language. *See id.* at 1287 ("Section 841(b)(1)(C), in fact, expressly 'otherwise provide[s]'-specifically, § 841(b)(1)(C) provides that the term of supervised release for that particular Class C felony must be 'at least three years.'") (quoting 21 U.S.C. § 841(b)(1)(C)). Accordingly, we **AFFIRM**.